Opinion filed November 16, 2006 
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 16, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00070-CR 

 

                                                    __________

 

                       CHRISTOPHER CLARENCE RHYNES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,046-A

 



 

                                                                   O
P I N I O N

Christopher
Clarence Rhynes appeals the trial court=s denial of his motion for DNA testing
under Tex. Code Crim. Proc. Ann. arts.
64.01-.05 (Vernon
Supp. 2006).  We affirm.








In two
issues on appeal, appellant contends that the trial court erred in denying his
motion and that the trial court did not apply the correct evidentiary
standard.  Specifically, appellant argues
that the trial court never made findings concerning the availability of the
biological evidence or whether identity was an issue and that the trial court
failed to find by a preponderance of the evidence that appellant would not have
been convicted of murder if DNA testing of the biological evidence had rendered
exculpatory results.

Article
64.03 provides in relevant part:

 (a) A convicting court may order forensic DNA
testing under this chapter only if:

 

(1) the
court finds that:

 

(A) the
evidence:

 

(i)
still exists and is in a condition making DNA testing possible; and

 

(ii) has
been subjected to a chain of custody sufficient to establish that it has not
been substituted, tampered with, replaced, or altered in any material respect;
and

 

(B)
identity was or is an issue in the case; and

 

(2) the
convicted person establishes by a preponderance of the evidence that:

 

(A) the
person would not have been convicted if exculpatory results had been obtained
through DNA testing; and

 

(B) the
request for the proposed DNA testing is not made to unreasonably delay the
execution of sentence or administration of justice.

 

Article 64.03 does not
require the trial court to enter any findings on the denial of a motion for
testing.








The
State argues that the trial court correctly denied the motion because appellant
did not establish that identity was an issue in the underlying murder
case.  We agree.  In both his motion and his brief on appeal,
appellant describes the altercation that resulted in the victim=s death as a physical confrontation between
appellant and the victim.  In fact,
appellant contends in both documents that he acted in self-defense.  Article 64.03 Aonly@ allows the trial court to grant motions to
test when identity is an issue.

Appellant
has not established that the trial court erred in denying his motion.  Both issues are overruled.

The order
of the trial court is affirmed.

 

PER
CURIAM

 

November 16, 2006

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.